ORIGINAL

REISSUED FOR PUBLICATION
JUL 16 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1350V
Filed: June 14, 2018

FILED

JUN 14 2018

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * *    *
STEPHANIE DELGUZZI, as Mother and    *
Natural Guardian of Minor, S.D.,     *
                                     *
            Petitioner,              *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
* * * * * * * * * * * * *    *
```

Dismissal; Insufficient Proof of Causation;
Failure to Prosecute; Juvenile Rheumatoid
Arthritis; Hepatitis A, Hib, Pneumococcal
Conjugate ("PCV 13"), MMR, Hepatitis B,
and Varicella ("Flu") vaccinations;

*Stephanie Delguzzi*, Pro Se.
*Robert P. Coleman, III, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING THE PETITION[1]

**Roth**, Special Master:

On October 14, 2016, Stephanie Delguzzi ("petitioner") filed a petition on behalf of her minor daughter, S.D., pursuant to the National Vaccine Injury Compensation Program. Petitioner alleges that S.D. developed Juvenile Rheumatoid Arthritis and related sequela as a result of receiving the Hepatitis A, Hib, and Pneumococcal Conjugate ("PCV 13") vaccinations on October 25, 2013, and MMR, Hepatitis B, and Varicella ("Flu") vaccinations on November 26, 2013. Petition, ECF No. 1.

On November 27, 2017, petitioner's counsel filed a status report setting forth details regarding petitioner's failure to cooperate in providing any additional evidence requested on multiple occasions, and counsel's need to file a Motion to Withdraw as Attorney of record. ECF

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

No. 20. Counsel indicated that he spoke with petitioner on September 20, 2017; sent her a letter memorializing their conversation on September 22, 2017; and attempted to contact petitioner on three separate occasions to no avail.[2]

On December 27, 2017, petitioner's counsel filed a Motion for Attorneys' Fees and Costs, and a Decision granting same, was entered on January 9, 2018. ECF No. 25. Petitioner's counsel then filed a motion to be relieved as counsel, which was granted on January 10, 2018. ECF No. 28. A copy of the order was mailed to petitioner with instructions to contact my law clerk by February 26, 2018, to schedule a status conference. Petitioner failed to do so or otherwise communicate with the Court.

As a result of petitioner's failure comply with the Court's order, on March 7, 2018, the undersigned issued an Order to Show Cause, instructing petitioner to show cause as to why this case should not be dismissed for insufficient proof and failure to prosecute by April 23, 2018. Order, ECF No. 31. On April 24, 2018, the Clerk of Court entered a docket entry noting that the Court's order was "Returned as Undeliverable."[3] ECF No. 33. The Court issued another Order to Show Cause instructing the Clerk of Court to send a copy of the Order to petitioner via regular first class mail and certified mail. Order, ECF No. 33. On May 7, 2018, the Clerk of Court entered a docket entry noting that the Court's order was again "Returned as Undeliverable."[4] ECF No. 34.

Under the Vaccine Act, a petitioner may prevail in one of two ways. First, a petitioner may demonstrate that he suffered a "Table" injury—i.e., an injury listed on the Vaccine Injury Table that occurred within the time period provided in the Table. § 11(c)(1)(C)(i). "In such a case, causation is presumed." *Capizzano v. Sec'y of Health & Human Servs.*, 440 F.3d 1317, 1320 (Fed. Cir. 2006); *see* § 13(a)(1)(B). Second, where the alleged injury is not listed in the Vaccine Injury Table, a petitioner may demonstrate that he suffered an "off-Table" injury. § 11(c)(1)(C)(ii). An "off-Table" claim requires that the petitioner "prove by a preponderance of the evidence that the vaccine at issue caused the injury." *Capizzano*, 440 F.3d at 1320; *see* § 11(c)(1)(C)(ii)(II). A petitioner need not show that the vaccination was the sole cause, or even the predominant cause, of the alleged injury; showing that the vaccination was a "substantial factor" and a "but for" cause of the injury is sufficient for recovery. *Pafford v. Sec'y of Health & Human Servs.*, 451 F.3d 1352, 1355 (Fed. Cir. 2006); *Shyface v. Sec'y of Health & Human Servs.*, 165 F.3d 1344, 1352 (Fed. Cir. 1999). In addition, the Vaccine Act requires petitioners to show by preponderant evidence that the "residual effects or complications" of the alleged vaccine-related injury lasted for more than six months. § 11(c)(1)(D)(i).

---

[2]     Due to petitioner's counsel's difficulties in communicating with petitioner, he was forced to hire a private investigator to locate petitioner in Florida after she moved leaving no forwarding address.

[3]     The docket entry contains the certified mail slip noting that the Order was "Refused" and returned to sender. *See* ECF No. 32.

[4]     The docket entry contains the certified mail slip noting that the Order was "Refused" and returned to sender. *See* ECF No. 34.

In this case, petitioner does not allege an injury listed on the Vaccine Injury Table; thus, petitioner's claim is classified as "off-Table," which requires that she "prove by a preponderance of the evidence that the vaccine at issue caused the injury." *Capizzano*, 440 F.3d at 1320. "[T]o show causation under the preponderance of the evidence standard," a petitioner "must proffer trustworthy testimony from experts who can find support for their theories in medical literature." *LaLonde v. Sec'y of Health & Human Servs.*, 746 F.3d 1334, 1341 (Fed. Cir. 2014); *see also Althen*, 418 F.3d at 1278 (explaining that a petitioner's claim must be "supported by 'reputable medical or scientific explanation,' *i.e.*, 'evidence in the form of scientific studies or expert medical testimony'" (citation and alteration omitted)); *Shyface*, 165 F.3d at 1351 ("[E]vidence in the form of scientific studies or expert medical testimony is necessary to demonstrate causation." (citation and emphasis omitted)).

The undersigned ordered petitioner to contact the Court to schedule a status conference six-months ago, which petitioner has failed to do. Thereafter, two Orders to Show Cause were issued and sent to petitioner by mail, but were "Refused" from the postal service. It is petitioner's obligation to follow Court orders. Failure to follow Court orders, as well as failure to file sufficient medical records or an expert medical opinion, can result in dismissal of a petitioner's claims. *See e.g.*, *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439, 441 (1992), *aff'd,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503, 504 (1996); *see also* Vaccine Rule 21(b).

The petitioner herein refused to cooperate with counsel or comply with Court orders. The evidence submitted in this matter by petitioner, after careful review, does not show by preponderant evidence that she is entitled to compensation under the Vaccine Act. Petitioner has failed to offer any evidence showing that the vaccinations S.D. received caused her alleged injuries. **This case is therefore DISMISSED for insufficient proof and failure to prosecute. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Date: 6/14/18

Mindy Michaels Roth
Special Master